UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO ESCALANTE,<br><br>    Petitioner,<br><br>v.<br><br>JOE LIZARRAGA, Warden,<br><br>    Respondent. | Case No. 5:17-cv-00850-R (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING ACTION WITH PREJUDICE** |

Pursuant to Title 28 of the United States Code, section 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. The Court has engaged in de novo review of those portions of the R&R to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In his Objections, Petitioner re-asserts that he is entitled to habeas relief on his ineffective assistance of counsel claim directed to counsel's failure to adequately research all law that would support the presentation of witness testimony by witnesses living in Mexico. Electronic Case Filing Number ("ECF No.") 20, Objections at 1-3. In support of this argument, he cites to United States

v. Buck, 271 F. Supp. 3d 619 (S.D.N.Y. 2017), for the proposition that, upon a finding of exceptional circumstances, a trial court may allow a witness to testify via two-way closed-circuit television. ECF No. 20, Objections at 2. Buck is unavailing. First, the case had not been decided by the time of Petitioner's 2014 trial, and thus, Petitioner's counsel could not have been remiss in failing to cite it to the trial court. Moreover, it is a federal district court case that relies on federal procedural law in support of its holding. Thus, even if this case had been decided by the time of Petitioner's trial, it would not have provided any authority under state law for Petitioner's trial counsel to argue that his witnesses in Mexico should be allowed to testify in this manner in his state court trial.

Finally, Petitioner again asserts that he was prejudiced by the actions of his attorney at trial because he was unable to present the witnesses from Mexico. Id. He asserts that these witnesses would have been able to testify to "threats and accusations made against the father of the alleged vitim by the mother of the alleged victim;" their observations of daily life; statements made against Petitioner by the victim's mother; and his travel between Mexico and the United States after the victim's disclosure. Id. at 3. He further claims that this would have allowed for evidence from competent adults and not just Petitioner's niece, who was a child at the time in question. Id. None of this purported testimony is relevant to the question of whether Petitioner sexually abused the victim while they lived together in the United States. The Court agrees with the Magistrate Judge's conclusion that Petitioner has failed to show prejudice arising from his inability to call these witnesses from Mexico given the evidence against him, described in detail in the Report and Recommendation. ECF No. 16, R&R at 19, 19 n.10, 22.

/ / /

/ / /

/ / /

IT IS THEREFORE ORDERED that Judgment be entered (1) **DENYING** the Petition for a Writ of Habeas Corpus; and (2) **DISMISSING** this action with prejudice.

Dated: June 5, 2018

HON. MANUEL L. REAL
United States District Judge

3